WAKEMAN vs. MARQUAND & AL.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action on an open account, which is composed of various items for cash lent, stock sold, and the balance of an interest account. The amount due is stated to be $4,536 58.

The petition was served on Paulding alone, who pleaded the general issue; and to that defence added an allegation, that the claim was false and fraudulent, and made in combination with his partner Marquand, the other defendant on record.

The cause was submitted to a jury, who found a verdict in favour of the plaintiff, for $3,520 21; and from the judgment rendered in conformity therewith, the defendant appealed.

Vol. V· N. S.          34

West'n Dis'c
Nov'ber, 1826

THOMPSON
vs.
LINTON & AL

A verdict will not be set aside, because the jury took depositions with them in the jury room. And that, altho' part of them were legal evidence, and part were not. Whether the printed statutes of another state, are evidence: *quere.* But they are, when the copy introduced has been sent by the executive of the state where they were passed to the governor of this. The common law of a sister state, may be proved by parol.

Eastern Dis'ct
Nov'ber 1826

WAKEMAN
vs.
MARQUAND.
& AL.

There was an application in the court below for a new trial, which was refused.

In this court, three grounds have been relied on, to obtain a reversal of the judgment of that of the first instance.

*First.* That there was error in permitting the jury to carry with them, when they retired to consider of their verdict, certain written depositions taken in the cause, and an account signed by Marquand; though the court had previously decided that part of these depositions, and the acknowledgment at the bottom of the account were not evidence against Paulding, the real defendant.

*Second.* That the printed statutes of New York, were not legal evidence to prove the rate of interest in that state.

*Third and lastly.* That the verdict is contrary to law and evidence.

In relation to that part of the first ground, which alleges as error, the permission given to the jury to take with them the account signed by Marquand, we have had no difficulty. That account was annexed to, and made part of the petition; as part of the pleadings, therefore it was correctly entrusted to the jury; and the circumstance of there

being an acknowledgment at the bottom, which
the judge had declared was not evidence,
would not have authorised him to withhold
from the jury the whole of the petition.—
The code of practice, though it does not ex-
plicitly mention that the jury are to take the
pleadings with them, evidently contemplates
they should; for it states, that the foreman is
to write his verdict on the back of the petition,
and that as soon as he has done so, notice is
to be given to the court, if in session, that
the jury are ready to give their verdict.
*Code of Practice, Aart.* 522 *&* 518.

The permission accorded to the jury to take
out with them depositions, part of which
were, and part were not legal evidence, is
not so clearly correct as that given in relation
to the account which made part of the plead-
ings.    In that country where the trial by
jury originated, there was much strictness in
regard to the jury taking out papers not under
seal, which were read in evidence; and their
doing so without leave, was in all cases con-
sidered a great contempt of the court, and in
some instances held to be a sufficient cause
for setting aside the verdict.    In modern
times, there has been a great, and, we think,

a wise relaxation in the practice. We have found, however, no case where depositions are permitted to be handed to the jury; and the reason of this exception we presume to be, that it would be giving the party, whose testimony was reduced to writing, an advantage over the adversary who had given oral testimony, by enabling the jury to peruse the one in their retirement, and compel them to depend on their memory for the other.

In this state, however, where the whole of the the testimony is generally reduced to writing, (as was done in the case before us) this inequality does not exist; and it is most probable that it is owing to this circumstance, that the practice has been introduced among us, to permit the jury to take with them the evidence. We think it a good one—that it tends to facilitate the investigation of the case; and we do not feel inclined to disturb it. It is true, the court should not, if possible, permit any thing but legal evidence to be taken out: but when a great part of the depositions are legal proof, and part are not, there is considerable difficulty in carrying this rule strictly into effect. The course which presents the least inconvenience, we think, is to let

the jury have the whole, under the direction of the court as it was given here; that the parts objected to, were not to be taken into their consideration. It cannot be presumed they would violate this direction; and if they did, the party is always safe in the power which the court possesses to set aside the verdict, and grant a new trial. In the simple state of society which existed when the rule was established in the common law, the cases presented to a jury were of such a nature as did not require them to take documents with them. Such evidence was, indeed, rarely produced. Men's rights depended almost entirely on oral evidence : but, at the present day, when the diffusion of education, the extension of commerce, and the complex transactions of men, have introduced a quite different state of things —a different rule is indispensable to the administration of justice. It is not long since a case was before this court, which had occupied the attention of a jury for six weeks, where the whole transactions of a commercial partnership were required to be examined, and all the books were given in evidence. No human memory could have

preserved a recollection of the testimony, nor could any judgment have been safely given without an opportunity being afforded to the jury to take the evidence with them in their retirement, and there to satisfy their doubts, by repeated perusals of it. *Co. Litt.* 2 7. 6. 1 *Trials per pais,* 257. *Salkeld,* 345. 6 *Bac. ab.* 669. 7 *ibid.* 9 & 10. 5 *Binney,* 238. *Caulker* vs. *Banks. Vol.* 3 532.

II. We do not think the judge below erred in admitting the printed statutes of New York in evidence. The question has been decided differently in several of our sister states. In Vermont, Pennsylvania and North Carolina, they have been received. In Connecticut, and the circuit court of the U. S. for the state of Pennsylvania, a contrary rule has been established; and in North Carolina, they have lately, in opposition to the earlier decisions of their courts, refused to receive the printed statutes of another state, as evidence. It is certainly a great relaxation of the strict rules of evidence, to admit them as proof. Courts of one state cannot judicially know any thing of the authenticity of a book which purports to be the statute of another state; and there is no inconsiderable

danger in some instances, that they might be intercalat d to serve the necessities of the case. We a e not, therefore, prepared to say that he pr nted statutes of another state, unaccompanied by any evidence to establish their genuine ess, are legal evidence. But this case stands on particular grounds. The book introduced, was brought from the office of the secretary of this state, and it was proved to have been sent from the executive of New York to that of this state. This circumstance greatly diminishes the objection to its introduction, and we think it was properly admitted as *prima facie* evidence. 2 *Haywood* 173. 1 *Dallas*, 462. 1 *Chip. Rep.* 303. 1 *Peters*, 352. 2 *Root.* 250.

III. The last question is on the merits. The principal error alleged is the allowing interest when none was legally proved to be due. The judge was of that opinion, though he afterwards refused to set aside the verdict by which the defendant alleges that the sum charged in the account on that head was allowed. The charge of the judge was correct on the evidence admitted by him; but he erred in refusing the plaintiffs permission to prove by parol evidence

WAKEMAN
*vs.*
MARQUAND.
& AL.

that, according to the common law, and usage and customs of merchants of New York, interest was demandable on an open account, from the time it became due. The distinction between the proof necessary to establish the existence of written and unwritten laws, is perfectly settled; and parol evidence is the best that can be offered of the latter. But it is unnecessary to remand the cause on that ground. The whole account was acknowledged to be correct; and there are enough of items in it, independent of the interest to support the verdict. The defendant has, however, urged that there are not a sufficient amount, when the credits given in the account are deducted. This is, perhaps, true; but if he relies on a document introduced by the plaintiff to establish his defence, he must take it altogether, and this would sustain the claim for interest. *Civil Code,* 2244. 2 *Starkie,* 47.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Morse* for the plaintiffs, *Hennen* for the defendants.